UNIVERSITY STATE BANK, Appellee, v. C. J. JOHNSON et al., Appellants.

**APPEAL AND ERROR:** Reservation of Grounds—Belated Reservation.
1   The contention that the sole purpose of an indorsement of a promissory note was to *transfer* the title may not be raised for the first time on appeal. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 18 *et seq.*)

**EXECUTORS AND ADMINISTRATORS:** Claims—Filing Excused. One
2   who holds a promissory note under the authorized indorsement of the executor of the estate to which the note once belonged, need not file his claim against the estate.

EXECUTORS AND ADMINISTRATORS:   Settlement of Estate—Indorsement of Note—Effect.   An executor may, for a proper consideration, and under a duly authorized permissive order by the court, indorse a promissory note belonging to the estate, and bind the estate to liability on the indorsement.

Headnote 1:  3 C. J. p. 727.  Headnote 2:  24 C. J. p. 746.  Headnote 3:  24 C. J. pp. 71, 211.

Headnote 1:  2 R. C. L. 69.  Headnote 3:  11 R. C. L. 170.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 16, 1926.

Suit in equity, to foreclose a $5,000 mortgage.  The principal debtor and mortgagor was B. Frank Prunty.  The mortgage had been acquired by the plaintiff from the estate of B. F. Prunty, deceased, and from the executors thereof.  The mortgage was transferred to the plaintiff by the general blank indorsement of said estate, purporting to be made by its executors.  The estate and its executors were made parties defendant.  Personal judgment was prayed upon the indorsement.  The decree was so entered against the estate and against its executors, as such.  The appeal was by the estate and its executors.—*Affirmed.*

*C. E. Hunn* and *H. S. Hunn,* for appellants.

*George Harnagel* and *Howe & Howe,* for appellee.

EVANS, J.—I.  It appears that the plaintiff acquired the note and mortgage in suit from the executors of the estate of B. F. Prunty, deceased, pursuant to an arrangement whereby the plaintiff surrendered to said executors a certain note and mortgage held by the plaintiff for the sum of $5,000, known in the record as the Hoch note and mortgage.  The Hoch note and mortgage were originally the property of B. F. Prunty, deceased, during his lifetime, who was at that time closely associated in the management of the plaintiff-bank.  The Hoch note and mortgage were sold by Prunty to the plaintiff-bank.  These had been drawn payable to C. O. Prunty (now one of the executors), and were negotiated by his indorsement, without recourse.  Such note and mortgage were given for purchase money in the

sale of a certain farm in Minnesota by Prunty to Hoch. B. F. Prunty, at the time of his death, held the vendor's interest in the executory contract of sale, which was still unperformed by Hoch. The executors of the estate of Prunty desired to forfeit the contract for non-performance. In order to do so, it was requisite that they should acquire the $5,000 note and mortgage, in order to tender it back to the vendee, Hoch, pursuant to their proposed forfeiture. They presented a request to the plaintiff-bank that the plaintiff should accept from the estate of Prunty, in exchange therefor, the $5,000 note and mortgage in suit herein. This was acceded to by the formal resolution of the board of directors. The exchange was made without profit to either party, —the difference in accrued interest being adjusted between them. The executors presented to the probate court an application setting forth the proposed arrangement between them and the plaintiff-bank, and asking authority to transfer to the plaintiff-bank, pursuant to such arrangement, the note herein in suit, and that they be authorized to *indorse* the same. Such application was granted by the court, and authority to *indorse in blank* was granted in express terms. The executors did so indorse, and delivered the note to the plaintiff. The principal contention now made by the executors is that the indorsement made by them was

1. APPEAL AND ERROR: reservation of grounds: belated reservation.

intended only as a transfer of the property, and that it was not intended thereby to assume any liability as such indorser, and that such was the express agreement of the parties. As against this, the appellee urges upon us that the issue thus presented here was never made in the district court. No such defense was pleaded. The plaintiff's petition did allege the indorsement. The defendants' answer denied the same. Such denial avails the appellants nothing, because the allegation of the petition at that point is established by the undisputed evidence of both parties. The point thus urged by the appellee is ignored in the reply argument of the appellants. Manifestly, we are not permitted to seek an issue beyond the pleadings, in order to reverse the decree of the district court. We must hold, therefore, that the principal point urged by appellants on this appeal is not available to them, for want of issue tendered thereon in their pleading.

II. The appellants did plead in the district court that the

claim sued on had never been presented or filed, as required by statute, and that, therefore, no liability on the part of the estate can be established thereon.   The claim sued on was an asset, and not a liability, of the decedent's at the time of his death, and of the executors of his estate up to the time they transferred the same to the plaintiff-bank.   The statute pertaining to the filing of claims against an estate has no application thereto.

2. EXECUTORS AND ADMINISTRA-TORS: claims: filing excused.

It was further pleaded that the executors had no authority to create a liability against the estate by their indorsement. The arrangement into which the executors entered, and which was approved by the court, was so entered into for the benefit of the estate, and was a part of the process of collection of the assets of the estate.   In transferring this asset to the plaintiff, the executors received presumably full value therefor.   There is no evidence to the contrary.   They were not acting as brokers, nor were they speculating for the estate.   Neither was the plaintiff-bank speculating.   In inducing the plaintiff-bank to accept the asset, the executors neither gained nor lost anything for the estate by guaranteeing the same.   If the executors received full consideration for an uncollectible asset, their concurrent liability by the indorsement thereof worked no greater loss to the estate than it would have sustained if it had continued as owner of the asset.   We see no lack of power in the executors to enter into such arrangement, when approved by the probate court.   Nor can we conceive of any reason, equitable or legal, why, in such a case, the indorsement of the estate by its executors should not carry the same burden as that of any other indorser of paper for value.   We reach the conclusion, therefore, that the indorsement of this paper by the executors, under the circumstances appearing in the record, worked no wrong upon the estate.   It operated simply to require it to bear its own ultimate losses, if any, in the failure of its assets.

3. EXECUTORS AND ADMINISTRA-TORS: settlement of estate: indorsement of note: effect.

The decree of the district court is, accordingly, affirmed.— *Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.